UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY LEWIS,

        Plaintiff,

v.                                                Case No. 08-C-213

SUSAN HAIGH, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Lewis, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated in the Milwaukee County Jail.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee of $13.00.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case, Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff brings what he describes as due process and equal protection claims. He asserts that the defendants intentionally refused to commence his revocation hearing within 50 days, as mandated by Wisconsin law. Wis. Stat. § 302.335. There are several problems with such a claim, not least of which is that it is founded solely on an allegation that the state failed to follow its own laws. That does not, in itself, violate the *federal* constitution. *Archie v. City of Racine,* 847 F.2d 1211, 1216-17 (7th Cir. 1988) ("A state ought to follow its law, but to treat a violation of state law as a violation of the Constitution is to make the federal government the enforcer of state law. State rather than federal courts are the appropriate institutions to enforce state rules."). Moreover, state law is not even as clear as plaintiff believes. Although there is indeed a fifty-day time period for holding a revocation hearing, that is not a "right" that redounded to the plaintiff's benefit. As the state courts have noted:

> Wisconsin Stat. § 302.335(2)(b) requires the Division of Hearings and Appeals in the Department of Administration to begin a final revocation hearing within fifty calendar days after the probationer is detained in the county jail, other county facility or tribal jail. That provision is not designed to benefit probationers. It is designed to benefit jailers by limiting the amount of time they must incarcerate probationers.

3

*State ex rel. Swanson v. Wilson,* 2005 WI App 176, 2005 WL 1345247, * 1 (Wis. Ct. App. 2005).

The court continued, "[e]ven if the Department had failed to comply with the fifty-day deadline, habeas corpus relief would not be appropriate because continued incarceration of a probationer does not constitute an illegal detention." *Id.* This is because "the fifty-day rule is directory, not mandatory." *State ex rel. Hubbard v. Schwarz,* 2003 WI App 89, 2003 WL 751566, * 1 (Wis. Ct. App. 2003). In sum, it appears the plaintiff did not even suffer an actionable violation of *state* law, much less federal law. Accordingly, the complaint will be dismissed.

**IT IS ORDERED** that the custodian of the plaintiff or his designee shall collect from the plaintiff's prison trust account the $337.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden or custodian of the institution where the inmate is confined.

Dated this   9th   day of June, 2008.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge